**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANGEL DE JESUS-ORELLANA, | No. 20-72639 |
| Petitioner, | Agency No. A202-127-444 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Jose Angel De Jesus-Orellana, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

In his opening brief, De Jesus-Orellana does not raise, and therefore waives, any challenge to the agency's dispositive determination that he failed to establish membership in a cognizable particular social group.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").  Thus, De Jesus-Orellana's asylum and withholding of removal claims fail.

As to De Jesus-Orellana's CAT claim, he also does not raise, and therefore waives, any challenge to the BIA's dispositive determination that he made no argument challenging the IJ's finding that he failed to establish the requisite state action for relief under CAT.  *See id.*

De Jesus-Orellana's contentions that the BIA violated his right to due process fail.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**